## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHANTELLE DEBEJARE, CAYLA KLETT, MUDDASSAR HUSSAN, STANLEY MORSE, KATHLEEN MADELON, TYIESHA BERGER, and MICAH HYLTON <br><br> Plaintiffs, <br><br> v. <br><br> PROVISTA DIAGNOSTICS, INC., and TODOS MEDICAL, LTD <br><br> Defendants. | CIVIL ACTION NO. 1:23-CV-00511-AT <br><br><br> JURY TRIAL DEMANDED |

## AMENDED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS PROVISTA DIAGNOSTICS, INC. AND TODOS MEDICAL, LTD

In accordance with the Court's Order of June 3, 2024, [Doc. 35], Spire Law, PLLC, Ian E. Smith, Esquire, and Whitney M. Dupree, Esquire (Collectively "Spire Law"), hereby amends their motion to withdraw as counsel of record for Provista Diagnostics and Todos Medical, Ltd ("Defendants"), and as grounds thereof state as follows:[1]

---

[1] The Court Order expressly limits Defense Counsel's motion to "not exceed five pages." [Doc. 35]

www.spirelawfirm.com
Employment Attorneys

## I.      Relevant Factual Background

On April 3, 2024, undersigned counsel provided Defendants Provista Diagnostics, Inc. and Todos Medical, Ltd. a notice of their intent to withdraw as counsel in accordance with LR 83.1.(E), which was sent via email and certified mail to the last known contact information counsel possesses for Defendants.   A copy of the notification of intent to withdraw was attached to the original motion.

On May 9, 2024, this Court issued an Order denying Defense Counsel's Motion to Withdraw as counsel. [Doc. 32] on the grounds that

Defendants' counsel has had no contact with either Defendant Provista Diagnostics, Inc. or Todos Medical, LTD in several months and counsel has no knowledge whether either corporation continues to operate as a business. Undersigned counsel is aware that Todos Medical LTD is involved in an insolvency proceeding in Israel, but counsel has no role in those proceedings. Defendants' counsel was provided the name of an individual (Erez Haver, erezh@apm.law) purportedly overseeing the liquidation of Todos Medical LTD. Undersigned counsel's sole contact with any person currently or previously associated with Defendants is Gerald Commissiong, a former executive with both companies, who resigned his employment effective February 27, 2024. Defendants' counsel has no contact with any person currently employed by either company or in any way empowered to speak for either company regarding the present civil action.

2

## I.     The Court Should Grant Defendants' Counsels' Motion to Withdraw.

### a. Defendants' Counsel has Complied With The Strict Requirements of L.R. 83.1 and The Court's Standing Order and Are Entitled To Withdrawal.

It is undisputed that Defense Counsel has complied fully with the strict requirements of L.R. 83.1 and the *Standing Order: Guidelines To Parties And Counsel In Cases Proceeding Before The Honorable Amy* Totenberg ("Standing Order"). *See* Standing Order, § II(c)(iv,) ("Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.")

### b. Defendants' Counsels' Motion For Withdrawal is Supported by a Compelling Justification.

While it is not a requirement in the Northern District's Local Rules, Defense Counsel has submitted Compelling reasons for withdrawal request: namely, a complete breakdown of the attorney-client relationship with Defendants and their counsel.

Pursuant to *Georgia Rule of Professional Conduct 1.16(a),* a lawyer "shall withdraw from the representation of a client if . . . the representation will result in violation of the Georgia Rules of Professional Conduct ." Additionally, under *Rule*

3

*1.16(b),* a lawyer may withdraw if the representation "has been rendered unreasonably difficult by the client" or for "other good cause." *Whitest v. Crisp County Bd. of Educ.,* 2019 U.S. Dist. LEXIS 240626, *6-7. Communication between counsel and a client is necessary for representation.

Here, Defendants have completely refused to communicate with Defense Counsel for nearly five months rendering it impossible to adequately represent them. The only contact undersigned counsel has had with Defendants is with Gerald Commissiong, a former executive at Provista Diagnostics and Todos Medical, who resigned his employment in February 2024 and has asked that counsel discontinue contacting him.

Moreover, "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." *Ga. R. Prof. Cond. 1.16 Comment 8.* In addition to a complete breakdown of communication, Defendants have also failed to abide by the terms of the representation agreement.

### c. There are No Compelling Reasons to Force Defendants' Counsel To Remain in this Case.

A corporate defendant is not entitled to representation, but cannot

www.spirelawfirm.com
Employment Attorneys

appear before a Federal Court without counsel.  In the absence of representation, the corporate defendant is subject to default.  Counsel may still withdraw.   Because this case is post-settlement, there is no disruption to the trial and counsel should be allowed to withdraw.  *See Forsberg v. Pefanis*, 2015 WL 13333009, at 3 (N.D. Ga. Sept. 4, 2015).

WHEREFORE, Spire Law, PLLC, respectfully requests that this Court: (1) enter an Order granting this Motion to Withdraw as Counsel of Record for Defendants Provista Diagnostics, Inc. and Todos Medical, Ltd.

Dated this day 5th of June, 2024.

Respectfully submitted,

Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Whitney M. DuPree*
Whitney M. DuPree, Esq.
Georgia Bar No. 880908
Ian E. Smith, Esq.
Georgia Bar No. 661492
whitney@spirelawfirm.com
ian@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for **Defendants.***

## **CERTIFICATE OF SERVICE**

I certify on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

And a true and correct copy of was sent via U.S. mail and email to:

Gerald Commissiong
2001 Westside Pkwy Ste 240
Alpharetta GA, 30004

This 5th day of June 2024.

*/s/ Whitney M. DuPree*
Attorney

www.spirelawfirm.com
Employment Attorneys